IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ANNIE M. LEWIS, ET.AL., :
:
    Plaintiffs, :
:
vs. : 4:07-CV-24 (WLS)
:
BANK OF AMERICA CORPORATION, :
:
    Defendant. :
_____

**ORDER**

    Pending before the Court are Defendant's motions for judgment on the pleadings. (Doc. Nos. 8, 11). For the following reasons, the motions (Doc. Nos. 8, 11) are **DENIED.**

**BACKGROUND**

    This lawsuit is a potential class action against Defendant Bank of America Corporation for failing to cancel security deeds after the loans on the real estate has been paid in full. According to Plaintiffs' complaint, the failure to cancel the security deeds within 60 days of the date of payment of the loan is in violation of O.C.G.A. § 44-14-3. Defendant denies any liability to Plaintiff or to any potential class.

    A discovery conference was held on September 11, 2007 and a discovery order was entered. (Doc. No. 21). At that conference the parties agreed to conduct discovery in phases, with Phase I being limited to discovery of the named Plaintiffs and initial class certification. Also, the Court has already denied without prejudice Plaintiffs' initial motion for class certification. (Doc. No. 20).

    Defendant's initial motion for judgment on the pleading is based on the argument that Plaintiffs specific payoff date used to begin the calculation of the 60 day payoff period is erroneous. Defendant maintains that it took some time before the entire debt was paid off because of the accrual of interest on the note.

    "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material

1

facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. Horsley v. Rivera, 292 F.3d 695 (11th Cir. 2002). Such a motion should only be granted when there are no facts that a plaintiff can prove to support his claim for relief. Horsley v. Feldt, 304 F.3d 1125 (11th Cir. 2002).

Given that there are factual disputes acknowledged in Defendant's and Plaintiffs' briefs concerning the actual payoff dates and amounts, it is not appropriate to decide the issue on a motion for judgment on the pleadings. This is especially true, considering the fact that the discovery schedule specifically takes into account that Defendant may directly attack Plaintiffs' claim early in this litigation after a minimum of discovery. Accordingly, Defendant's motion for judgment on the pleadings (Doc. No. 8) is **DENIED.**

Defendant also moves for judgment on the pleadings on Plaintiff's class allegation. As stated previously, the Court has already denied without prejudice Plaintiff's motion for preliminary class certification. As stated previously discovery is limited in Phase I to discovery of the Plaintiffs' claim and to whether they should be class representatives. As such, Defendant's motion for judgment on the pleadings on this ground is premature. Accordingly, Defendant's motion for judgment on the pleadings (Doc. No. 11) is **DENIED without prejudice.**

**SO ORDERED**, this   28th   day of March, 2008.

                                            /s/W. Louis Sands  
                                          **W. LOUIS SANDS, JUDGE**  
                                          **UNITED STATES DISTRICT COURT**